### CRELLIN et v ARMSTRONG et

Ohio Appeals, 1st Dist, Hamilton Co

No 5005. Decided Jan 27, 1936

James J. Fitzpatrick, Cincinnati, for plaintiffs in error.

Wm. J. Schmid, Cincinnati, Meredith & Meredith, Lima, and Andrew W. Kops, Cincinnati, for defendants in error.

## OPINION

By HAMILTON, J.

Defendant in error moved to dismiss the petition in error on the ground that there is no bill of exceptions filed in the case.

We have repeatedly held that failure to file a bill of exceptions is no ground for the dismissal of a petition in error. The transcript and the original papers filed in the case may present a question of error for consideration and a bill of exceptions may be unnecessary. The motion to dismiss is overruled.

The case is before us on the transcript of the docket and journal entries and the original papers.

It is claimed that the record as presented discloses reversible error in that defendant was denied a trial by jury.

The action in the trial court was founded on six promissory notes, upon which the plaintiff asks a money judgment. In a separate cause of action, plaintiff seeks fore-c·usure of a real estate mortgage given to secure payment of the notes sued upon. A deficiency judgment is also prayed for.

The defendants in a joint answer admit the execution of the notes sued upon, but deny that there is anything due to the plaintiff thereon, and follow with a general denial, and in the answer demand that the issues be tried to a jury.

The trial court heard the case without a jury, granted a personal judgment on the notes, and decreed foreclosure of the equity of redemption.

The defendants filed a motion for a new trial on the ground that they had been denied the right of trial by jury. This motion the court overruled.

The failure to give the defendants the benefit of a trial by jury, as demanded in their answer, is reversible error, unless the right was waived. The law is stated in the case of Ladd v James et, 10 Oh St, 438:

"Where an action is brought upon a note and on a mortgage given to secure its payment, and a judgment is asked upon the note, and for the sale of the mortgaged property, any issue of fact which affects the judgment upon the note, is an issue which either party has a right to demand that it shall be tried by a jury; * * *."

To the same effect is the ruling in the case of Mackenzie et v Stuber et, 119 Oh St, 588. See also: Keller et v Wenzell, 23 Oh St, 579, and Brundridge v Goodlove, 30 Oh St, 374.

Under the issues made by the pleadings, the defendants were entitled to a trial by jury.

The second question presented is as to whether or not the right to trial by jury was waived. In other words, does the record before us show a proper continuing demand by the defendant for a jury trial.

As heretofore stated, there is no bill of exceptions. All that appears in the record is that the plaintiffs in error filed an answer denying any indebtedness. This denial was followed by a demand that the issue there raised be tried by a jury. The record does not show that this demand was repeated at any other time. It does show that the case was set for trial on October 3rd, 1935, and that the plaintiffs in error were duly notified thereof. On that date, proof of notice to the parties was filed, and the six notes and the mortgage sued upon

were introduced in evidence and filed with the papers in the case. Thereafter, on October 14th, 1935, the court entered the personal judgment and decreed the foreclosure of the mortgage. It is fairly inferable that the plaintiffs in error did not appear at the trial. The record does not show affirmatively that they were present. However, two days after the trial they filed a motion for a new trial, basing it upon the disregard of the demand for a jury trial contained in their answer and in a letter which they averred they had sent to the plaintiff's attorney. There were no affidavits filed in support of this motion. The court overruled it.

Now should this court reverse the judgment upon this record?

In passing upon this question we must not forget that error is never presumed, but must affirmatively appear. Every reasonable presumption in favor of the validity and regularity of the judgment below must be indulged.

It is provided by §11421-1, GC, that:

"In actions arising on contract the trial by jury may be waived by the parties, and in other actions with the assent of the court as follows:

"1. By consent of the party appearing, when the other party fails to appear at the trial, in person or by attorney,

"2. By written consent, in person, or by attorney filed with the clerk;

"3. By oral consent in open court entered on the journal."

Upon the record before us this statute is dispositive of this case. It specifically provides that: "In actions arising on contract the trial by jury may be waived * * * by * * * party appearing, when the other party fails to appear at the trial." Clearly, that is what was done. Certainly, it does not affirmatively appear that it was not done.

Former §5204, R. S., now §11421-1, GC, was held valid by the Supreme Court of Ohio in the case of Railway Co. v Construction Co., 49 Oh St, 681. At page 684 of the opinion the court states:

"Sec 5204, Revised Statutes, provides that in actions arising on contract, trial by jury may be waived, 'By consent of the party appearing, when the other party fails to appear at the trial, by himself or attorney.' All persons are presumed to know the law. The defendant is therefore presumed to have known, that by failing to appear, the plaintiff could, if it saw fit, waive the call-

ing of a jury to try the issues and submit them to the court, and to have consented that if it saw fit, it might do so. The requirement that it should attend and demand a jury if it required it, placed the defendant under no greater inconvenience than a party is placed who is required to take an appeal to secure a jury; in the latter case a bond is required.

"Such has been the construction placed on the law from the time it was incorporated in the code in 1853; and we have no knowledge of this construction, or of the constitutionality of the statute, having been called in question prior to this time. The hardship suggested of a party being prevented by unavoidable accident from attending and demanding a trial by jury, is without weight; as, in such case, he would have the right to have the finding and judgment set aside and a new trial granted, whether the trial had been had before the court or a jury."

Under the statute it was necessary that the defendants appear at the trial in order to effectively demand a jury trial.

No unavoidable accident or other reason is presented by the record which prevented the defendants from attending the trial, of which they had notice, and demanding a jury trial. The demand in the answer did not serve to prevent the operation of §11421-1, GC, under which the court presumably acted when it heard the case without a jury. A bill of exceptions showing facts preventing the defendants from attending the trial would be necessary in order to support the claim of error made.

We find no error in the record and the judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.